UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eagle's Flight of America, Inc.,

                Plaintiff,

                                    Civ. No. 10-1208 (RHK/JSM)
                                    **MEMORANDUM OPINION**
                                    **AND ORDER**

v.

Play N Trade Franchise, Inc.,

                Defendant.

---

Jenna T. Burfeind, Kalina, Wills, Gisvold & Clark, PLLP, Minneapolis, Minnesota, for Plaintiff.

Christopher J. Kuhlman, Kuhlman Law, PLLC, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

This contract dispute arises out of a Service Agreement ("the Agreement") by which Defendant Play N Trade Franchise, Inc. ("Play N Trade") hired Plaintiff Eagle's Flight of America, Inc. ("Eagle's Flight") to redevelop its franchisee training program. Play N Trade now moves to dismiss for improper venue or, in the alternative, to transfer to the United States District Court for the Central District of California. For the reasons stated below, the Court will deny the Motion.

## BACKGROUND

Eagle's Flight is a Delaware corporation with its principal place of business in Edina, Minnesota; it has one other United States office in Mission Viejo, California, and

an office in Ontario, Canada. Five employees work out of its Minnesota office and two work out of its California office. Play N Trade is a Nevada corporation with its principal place of business in San Clemente, California.

In 2008, Thomas McMahon, the CEO of Play N Trade, began negotiating with Eagle's Flight's Mike Torrie, a business development representative based out of the company's California office. Although Torrie conducted the negotiations with Play N Trade, he was in contact with Julie Wylie in the Edina office about the Agreement's terms. (Wylie Aff. Ex. A.) The parties executed their Agreement on July 12, 2008. It was signed by McMahon on behalf of Play N Trade, and Sarah Sumers Brandt was the designated signatory for Eagle's Flight. Brandt also worked out of the Edina office. The Agreement provided that Minnesota law would govern, and each page listed Eagle's Flight's Edina address. (Compl. Ex. A, ¶ 14.)

The Agreement also provided that Eagle's Flight would conduct a "facilitation skills program" and develop two levels of customized training sessions for Play N Trade's franchisee training program. In exchange for Eagle's Flight's services and consulting, Play N Trade agreed to pay $121,000 in scheduled installments and to reimburse Eagle's Flight for reasonable expenses incurred in performing the promised services. (Id. ¶ 4.)

Between July and October 2008, Eagle's Flight developed and conducted facilitation skills programs as agreed. All of these programs took place in California. However, Wylie and Brandt helped coordinate Play N Trade's programs from Minnesota,

in some instances communicating directly with McMahon to coordinate logistics. Play N Trade was also told to contact Brandt to order materials for the training sessions.

Eagle's Flight periodically sent invoices to Play N Trade, and the invoices listed its Edina address only. After Play N Trade allegedly failed to make payments to Eagle's Flight as the Agreement required, Eagle's Flight filed the instant action, asserting claims for: breach of contract, unjust enrichment, and failure to pay an account stated.

Play N Trade now moves to dismiss or, alternatively, to transfer the action to the United States District Court for the Central District of California.

## STANDARD OF REVIEW

Play N Trade seeks dismissal under Federal Rule of Civil Procedure 12(b)(3) or transfer under 28 U.S.C. § 1404(a). The standards for evaluating each (alternative) request are set forth below.

Venue is governed by 28 U.S.C. § 1391. Under § 1391(a)(2), venue in diversity cases is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." When a defendant seeks dismissal for improper venue under Rule 12(b)(3), it bears the burden of demonstrating that the plaintiff's chosen venue lacks a sufficient connection to the parties' dispute. United States v. Orshek, 164 F.2d 741, 742 (8th Cir. 1947).[1] To discharge that burden, the defendant must submit affidavits or other evidence defeating venue in the chosen forum. Freeman v. Fallin, 254

---

[1] There is a circuit split regarding who bears the burden of establishing the propriety (or lack thereof) of the chosen venue. Compare, e.g., Orshek and Myers v. Am. Dental Ass'n, 695 F.2d 716, 724–25 (3rd Cir. 1982) (defendant's burden) with Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353 (2d Cir. 2005) (plaintiff's burden). Orshek, the Eighth Circuit decision, is controlling here.

F. Supp. 2d 52, 56 (D.D.C. 2003); 5B Wright, Miller & Cooper, Federal Practice & Procedure: Civil 3d § 1352 at 320 (3rd ed. 2004).  Accordingly, unlike motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may consider matters beyond the pleadings when ruling on a motion to dismiss for improper venue.  See, e.g., Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009); Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006); Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1192 (10th Cir. 1998); Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990).

As for the alternative request to transfer, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  There is no precise mathematical formula to be employed when balancing the relevant factors.  As one court of appeals has noted, "'[w]eighing' and 'balancing' are words embodying metaphors which, if one is not careful, tend to induce a fatuous belief that some sort of scales or weighing machinery is available.  Of course it is not.  At best, the judge must guess, and we should accept his guess unless it is too wild."  Ford Motor Co. v. Ryan, 182 F.2d 329, 331–32 (2d Cir. 1950).  Hence, a district court enjoys "broad discretion" when deciding whether to grant a motion to transfer.  E.g., Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989).

Courts must be cognizant, however, that transfer motions "should not be freely granted."  In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982), abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice, 919 F.2d 1306 (8th Cir. 1990).  A "heavy"

4

burden rests with the movant to demonstrate why a motion to transfer venue should be granted. E.g., Integrated Molding Concepts, Inc. v. Stopol Auctions, L.L.C., Civ. No. 06-5015, 2007 WL 2263927, at *5 (D. Minn. Aug. 6, 2007) (Schiltz, J., adopting Report & Recommendation of Erickson, M.J.); Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996) (Kyle, J.). To satisfy that "heavy" burden, the movant must demonstrate that "the balance of factors *strongly* favors" transfer. Radisson Hotels, 931 F. Supp. at 641 (citations omitted) (emphasis in original).

## ANALYSIS

**I.     Dismissal for improper venue**

Play N Trade first argues that venue is improper here because the allegedly wrongful conduct on which Eagle's Flight bases its claims occurred in California. (Mem. in Supp. at 4–5.) This argument fails for several reasons:

First, Play N Trade relies on 28 U.S.C. § 1391(a)(2), which permits venue in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In doing so, it ignores the first subsection of § 1391(a), which also permits venue in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(a)(1). Since Play N Trade is the only defendant in this case, "all" defendants necessarily reside in the same state. See, e.g., Forlastro v. Collins, No. 07 Civ. 3288, 2007 WL 2325865, at *3 (S.D.N.Y. Aug. 14, 2007); Erickson v. Hertz Corp., Civ. No. 05-1690, 2006 WL 1004385, at *1 (D. Minn. Apr. 17, 2006) (Davis, J.). Venue is thus proper in Minnesota so long as Play N Trade "resides" here.

Although Play N Trade is a Nevada corporation headquartered in California, its "residence" is not limited to those states. For venue purposes, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Thus, if Play N Trade is subject to personal jurisdiction in a state, it "resides" there for purposes of the venue statute, and venue there is proper under § 1391(a)(1).

There is no dispute that Play N Trade is subject to personal jurisdiction in Minnesota. As Eagle's Flight points out, Play N Trade has waived any argument to the contrary by failing to move to dismiss on that ground. See Fed. R. Civ. P. 12(h)(1)(A). Because it "has waived any objection to this Court's exercise of personal jurisdiction, . . . this forum is also a proper venue." Zumbro, Inc. v. Cal. Natural Prods., 861 F. Supp. 773, 784 (D. Minn. 1994) (Kyle, J.); accord, e.g., Frederick Goldman, Inc. v. Commemorative Brands, Inc., No. 04 Civ. 1100, 2004 WL 954692, at *1 (S.D.N.Y. May 5, 2004); Computer Express Int'l, Ltd. v. MicronPC, LLC, No. 01-CV-4801, 2001 WL 1776162, at *4 (E.D.N.Y. Dec. 21, 2001); Soli-Tech, Inc. v. Halliburton Co., No. 91-CV-10232, 1993 WL 315358, at *2 (E.D. Mich. Jan. 26, 1993). "It would defy logic to deem [Play N Trade] subject to this Court's personal jurisdiction, due to waiver, yet dismiss the . . . claims against it for improper venue, due to lack of residency or, in other words, for want of personal jurisdiction." Centreville ALF, Inc. v. Balanced Care Corp., 197 F.

Supp. 2d 1039, 1048 (S.D. Ohio 2002). Accordingly, the Court agrees with Eagle's Flight that venue here is proper under 28 U.S.C. § 1391(a)(1).[2]

Moreover, "[o]ne of the central purposes of statutory venue is to ensure that a defendant is not 'haled into a remote district, having no real relationship to the dispute.'" Richards v. Aramark Servs., Inc., 108 F.3d 925, 928 (8th Cir. 1997) (quoting Woodke, 70 F.3d at 985). Based on the facts here, Play N Trade could have (and should have) anticipated that it might be sued in Minnesota as a result of failing to pay the amounts due under the Agreement. Given that Eagle's Flight is headquartered in Minnesota, Play N Trade communicated with its Minnesota office, and the Agreement itself was controlled by Minnesota law, the Court cannot say that Minnesota is "remote" or lacks any "real relationship to th[is] dispute." Richards, 108 F.3d at 928.[3]

For these reasons, the Court concludes that venue over this action is proper here.

---

[2] Some courts have held that a waiver of personal jurisdiction does not automatically establish the propriety of venue. E.g., Bell v. Classic Auto Group, Inc., No. 04 Civ. 693, 2005 WL 659196, at *5 (S.D.N.Y. Mar. 21, 2005); DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 19 (D.D.C. 2002). This is because the venue statute examines personal jurisdiction not on the basis of post-litigation conduct, but rather on the defendant's status "at the time the action is commenced." 28 U.S.C. § 1391(c). But a waiver of personal jurisdiction, in the Court's view, is the same as a concession that personal jurisdiction existed at the time the action was commenced. Regardless, even if personal jurisdiction were not established through waiver, the Court would conclude on the facts here that Play N Trade is subject to personal jurisdiction in Minnesota. The record establishes that Play N Trade communicated with employees in Eagle's Flight's Edina office on several occasions. (Wylie Aff. ¶¶ 10–12, Exs. B, C.) It was told to contact Brandt in the Edina office to request materials. (Id. Ex. C.) The invoices Eagle's Flight sent to Play N Trade listed only the company's Minnesota address. (Id. Ex. D.) And the Agreement itself lists Eagle's Flight's Minnesota contact information on every page and identifies Minnesota as the source of governing law. (Compl. Ex. A.) In short, there are sufficient minimum contacts between Play N Trade and Minnesota to subject it to personal jurisdiction.

[3] Play N Trade repeatedly argued at the hearing that California is the best venue for this action. However, when determining whether dismissal is proper, a court need not decide that it is the "best" venue or the one having the most significant connection to the claims at issue. E.g., Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 563 (8th Cir. 2003).

**II.     Transfer**

Play N Trade's second argument, in the alternative, is that the Court should exercise its discretion to transfer this action to the United States District Court for the Central District of California.[4] As set forth above, three factors guide a court when deciding whether to transfer venue: the convenience of the parties, the convenience of the witnesses, and the interests of justice. See 28 U.S.C. § 1404(a); Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Having considered those factors here, the Court concludes that transfer is unwarranted.

First, the convenience-of-parties factor favors neither party. It is clear that the District of Minnesota—Eagle's Flight's home forum, and the forum in which it chose to file this action—is most convenient for Eagle's Flight, while the Central District of California—Play N Trade's home forum—would be most convenient for Play N Trade. However, § 1404(a) provides for transfer to a more convenient forum, not simply one that is equally convenient (or inconvenient) to the one originally selected. See Prod. Fabricators, Inc. v. CIT Commc'ns Fin. Corp., Civ. No. 06-537, 2006 WL 2085413, at *5 (D. Minn. July 25, 2006) (Kyle, J.). Play N Trade argues that convenience of the parties favors transfer because it has limited contacts to Minnesota while Eagle's Flight has a presence in California. (Mem. in Supp. at 7.) Yet as Eagle's Flight points out, its California office houses only two employees, one of whom travels extensively, while its Minnesota office houses five employees and serves as the company's headquarters,

---

[4] Under § 1404(a), a court faced with a motion to transfer must first determine whether the action "might have been brought" in the proposed transferee district. There is no dispute that this action might have been brought in the Central District of California.

making Minnesota a more convenient litigation forum for the company. Transfer should not be granted "if the effect is simply to shift the inconvenience" from one party to the other. Advanced Logistics Consulting, Inc. v. C. Enyeart LLC, Civ. No. 09-720, 2009 WL 1684428, at *5 (citation omitted).

The second factor, convenience of witnesses, does not favor transfer. In analyzing this factor, the Court focuses on inconvenience caused to *non-party* witnesses, because "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." Id. (quoting FUL Inc. v. Unified Sch. Dist. No. 204, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993)); accord LeMond Cycling, Inc. v. Trek Bicycle Corp., Civ. No. 08-1010, 2008 WL 2247084, at *3 (D. Minn. May 29, 2008) (Kyle, J.). Here, Play N Trade has failed to identify *any* non-party witnesses, from California or anywhere else, upon whom it will rely either in discovery or at trial.

Finally, the Court examines the interests of justice. When analyzing this factor, courts consider, among other things, judicial economy, the plaintiff's choice of forum, docket congestion, each party's ability to enforce a judgment, obstacles to a fair trial, conflict-of-law issues, and each court's relative familiarity with the applicable law. E.g., Terra Int'l, 119 F.3d at 696; Prod. Fabricators, 2006 WL 2085413, at *3. Here, Play N Trade has failed to show that these considerations strongly favor transfer.

Play N Trade argues that Eagle's Flight's choice of forum is entitled to less deference than usual because the majority of the events giving rise to this action took place in the Central District of California. (Mem. in Supp. at 9.) However "'less' deference does not mean 'no' deference." CBS Interactive, Inc. v. Nat'l Football League

9

Players Ass'n, Inc., 259 F.R.D. 398, 408 (D. Minn. 2009) (Montgomery, J.)  Even where the events underlying a plaintiff's claims did not occur in the chosen forum, the plaintiff's choice is still entitled to deference if the plaintiff resides there.  E.g., Apex IT, Inc. v. Rhema Bible Coll., Civ. No. 08-596, 2009 WL 799611, at *2 (D. Minn. Mar. 24, 2009) (Tunheim, J., adopting Report & Recommendation of Noel, M.J.)  As a Minnesota resident, Eagle's Flight's choice of its home forum is an "important" consideration.  Multi-Tech Sys., Inc. v. Net2Phone, Inc., Civ. No. 00-346, 2000 WL 34494824, at *7 (D. Minn. June 26, 2000) (Montgomery, J.).

Play N Trade also argues that no weight should be given to the concerns about a California court's ability to interpret Minnesota contract law.  (Mem. in Supp. at 9.)  Indeed, it is true that federal courts are often called upon to apply the laws of other states.  See, e.g., Clergy Fin., LLC v. Clergy Fin. Servs., Inc., 598 F. Supp. 2d 989, 995 (D. Minn. 2009) (Davis, J.) ("[C]ourts can . . . apply the law of another state as easily as their own.").  However, the fact that a California court is just as capable of applying Minnesota law as a Minnesota court does not favor transfer.  Radisson Hotels, 931 F. Supp. at 641.  Instead, to the extent this factor tips the scale at all, the fact that the parties agreed that their contract be governed by Minnesota law favors venue in Minnesota, not California.

Play N Trade raises no argument about any of the other interest-of-justice considerations.  In the Court's view, it has failed to satisfy its "heavy burden" that the convenience of parties, convenience of witnesses, and interests of justice "*strongly* favor" transfer to the Central District of California.  Radisson Hotels, 931 F. Supp. at 641.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Play N Trade's Motion to Dismiss Eagle's Flight's Complaint, or, in the alternative, to transfer venue (Doc. No. 11) is **DENIED**.


Dated: January 5, 2011                               s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge